# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| RITA STAUFFER, | No. 13-93V |
| Petitioner, | Special Master Christian J. Moran |
| v. | Filed: December 18, 2014 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Stipulation; influenza ("flu") vaccine; Guillain-Barré syndrome ("GBS"). |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * | |

Danielle A. Strait, Maglio, Christopher & Toale, Washington, DC, for Petitioner;
Michael P. Milmoe, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On December 17, 2014, the parties filed a joint stipulation concerning the petition for compensation filed by Rita Stauffer on February 1, 2013. In her petition, petitioner alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on September 6, 2011, caused her to suffer Guillain-Barré Syndrome ("GBS"). Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

Respondent denies that the influenza vaccine caused petitioner to suffer GBS or any other injury.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A. a lump sum payment of 10,596.52, which amount represents the reimbursement of a Commonwealth of Pennsylvania Medicaid lien, in the form of check payable jointly to petitioner, and**

> **Pennsylvania Department of Public Welfare**
> **Bureau of Program Integrity**
> **Division of Third Party Liability**
> **Recovery Section**
> **P.O. Box 8486**
> **Harrisburg, PA 17105-8486**
> **Attn: Susan E. Naylor**
> **Petitioner agrees to endorse this check to the appropriate State agency.**

**B. a lump sum payment of $110,000.00 in the form of a check payable to Rita Stauffer. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-93V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

                                                  s/Christian J. Moran
                                                  Christian J. Moran
                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RITA STAUFFER, ) | **ECF** |
| ) | |
| Petitioner, ) | No. 13-93V |
| ) | Special Master |
| v. ) | CHRISTIAN J. MORAN |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Rita Stauffer, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on September 6, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS"), which was caused-in-fact by the flu vaccine. Petitioner further alleges that she suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

1

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, or any other injury, and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a) a lump sum of $10,596.52, which amount represents reimbursement of a Commonwealth of Pennsylvania Medicaid lien, in the form of a check payable jointly to petitioner, and
>
> > Pennsylvania Department of Public Welfare
> > Bureau of Program Integrity
> > Division of Third Party Liability
> > Recovery Section
> > P. O. Box 8486
> > Harrisburg, PA 17105-8486
> > Attn: Susan E. Naylor

Petitioner agrees to endorse this check to the appropriate State agency.

> b) a lump sum of $110,000.00 in the form of a check payable to petitioner representing all remaining damages available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered

3

on September 6, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about February 1, 2013, in the United States Court of Federal Claims as petition No. 13-93V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, or any other injury, or that her current disabilities are sequelae of her alleged vaccine-related injuries.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
RITA STAUFFER

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| *[signature]* | *[signature]* |
| DANIELLE A. STRAIT, ESQ. | VINCENT J. MATANOSKI |
| MAGLIO, CHRISTOPHER & TOALE, P.A. | Deputy Director |
| 1775 Pennsylvania Avenue, N.W. | Torts Branch |
| Suite 225 | Civil Division |
| Washington, D.C. 20006 | U. S. Department of Justice |
| (888) 952-5242 | P. O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, D.C. 20044-0146 |

| | |
|---|---|
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| *[signature]* | *[signature]* |
| A. MELISSA HOUSTON, M.D., M.P.H., FAAP | MICHAEL P. MILMOE |
| Director | Senior Trial Counsel |
| Division of Injury Compensation Programs (DICP) | Torts Branch |
| Healthcare Systems Bureau | Civil Division |
| U.S. Department of Health and Human Services | U. S. Department of Justice |
| 5600 Fishers Lane | P. O. Box 146 |
| Parklawn Building, Stop 11C-26 | Benjamin Franklin Station |
| Rockville, MD 20857 | Washington, DC 20044-0146 |
| | Tel: (202) 616-4125 |

DATE: December 17, 2014

5